```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
OSCAR LEE SANDERS, JR.,               : 12 Civ. 5302 (GBD) (JCF)
                                      :
          Plaintiff,                  :       REPORT AND
                                      :       RECOMMENDATION
    - against -                       :
                                      :
ERIC RAMOS, Security Deputy,          :
DECLET, Security Captain, PREZ,       :
Security Chief, WARDEN, and DORA      :
B. SCHRIRO,                           :
                                      :
          Defendants.                 :
- - - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

Oscar Sanders, Jr., commenced this action pro se pursuant to 42 U.S.C. § 1983 against several employees and supervisors at the Otis Bantum Correctional Center ("OBCC") and Dora B. Schriro, the Commissioner of New York City Department of Correction.[1]  The plaintiff alleges that while he was detained at OBCC, the defendants violated his constitutional rights.

The defendants[2] have now submitted a letter application seeking dismissal of the complaint under Rules 12(e), 37(b) and 41(b) of the Federal Rules of Civil Procedure, arguing that the plaintiff has failed to prosecute his lawsuit diligently and to comply with the Court's orders.  For the reasons set forth below, I recommend that the application be granted.

---

[1] The complaint originally named the "Commissioner of Riker's [sic] Isl." as a defendant, but the Clerk of the Court was ordered to amend the caption to substitute Commissioner Schriro.  (Order of Service dated July 26, 2012).

[2] The moving defendants are Commissioner Schriro and Deputy Warden Eric Ramos.  The other defendants have apparently never been served.

Background

According to Mr. Sanders' complaint, on June 20, 2012, he was transferred to OBCC despite medical records that stated that he was not supposed to be housed there because of mental health issues and problems with correctional staff. (Complaint ("Compl."), ¶ III.C.). He claims that when he showed Captain Declet this medical record, Captain Declet sprayed him with mace. (Compl., ¶ III.C). Mr. Sanders also claims that on June 25, 2012, he was "extracted in [his] cell" and that on June 26, 2012, he was "extract[ed] in [his] cell" and "like before [he] was beatin [sic] up" by correction officers. (Compl., ¶ III.C). The plaintiff also alleges that he was on "phone restriction without a court order" and was "denied medical attention." (Compl., ¶ IV).

On September 4, 2012, the defendants submitted a letter application for a more definite statement, which was granted, and the plaintiff was ordered to respond by September 28, 2012. (Memorandum Endorsement dated Sept. 6, 2012 at 2). Mr. Sanders did not do so, and in a letter dated October 5, 2012, the defendants sought dismissal of this action for failure to prosecute, or, in the alternative, requested that the Court order the plaintiff to provide a more definite statement and caution him that failure to do so would lead to dismissal. (Memorandum Endorsement dated Oct. 10, 2012 at 2). On October 10, 2012, the plaintiff was ordered to submit an amended complaint that clarified his claims by November 15, 2012, and was warned that failure to do so would result in dismissal. (Memorandum Endorsement dated Oct. 10, 2012 at 3). In

2

a letter application dated November 19, 2012, the defendants again sought dismissal for failure to prosecute. (Letter of Suzanna Publicker dated Nov. 19, 2012).  On December 4, 2012, Mr. Sanders was ordered to submit any response to the defendants' application no later than December 28, 2012, and was warned that if he did not, the complaint would be dismissed. (Order dated Dec. 14, 2012).  On January 15, 2013, the defendants again submitted a letter application seeking dismissal. (Letter of Suzanna Publicker dated Jan. 15, 2013).  To date, Mr. Sanders has not responded.

Discussion

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "if a party . . . fails to obey a scheduling or other pretrial order," the court "may issue any just orders including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."  Fed. R. Civ. P. 16(f)(1).  Rule 37(b)(2)(A)(v), in turn, authorizes dismissal of the action as a sanction.  Fed. R. Civ. P. 37(b)(2)(A)(v).  In pertinent part, Rule 41(b) provides that "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

Rule 12(e) provides that "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."  Fed. R. Civ. P. 12(e).  Mr. Sanders has been twice ordered to provide a more definite statement (Memorandum Endorsement dated

Oct. 10, 2012; Memorandum Endorsement dated Sept. 6, 2012), and has not complied with either deadline set by the Court.

The Second Circuit has cautioned that "[d]ismissal of a pro se complaint for failure to prosecute is a 'harsh remedy' that should be utilized only in 'extreme situations.'" West v. Goord, 423 F. App'x 66, 68 (2d Cir. 2011) (quoting LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)); see also Dunn v. Carrier, 314 F. App'x 391, 392 (2d Cir. 2009) ("[W]e have advised that a district court 'should be especially hesitant' to dismiss a pro se litigant's complaint for procedural deficiencies."). Nevertheless, while pro se litigants must be afforded a certain amount of latitude, "they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." Yadav v. Brookhaven National Laboratory, No. 11-3054, 2012 WL 5416606, at *1 (2d Cir. Nov. 7, 2012) (citing Caidor v. Onodaga County, 517 F.3d 601, 605 (2d Cir. 2008)) (affirming dismissal of pro se action because plaintiff repeatedly failed to meet discovery obligations).  In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Spencer v. Doe, 139 F.3d 107, 112-13 (2d Cir. 1998)(citations omitted); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir.

4

2009).

    A.   Duration of Delay

    The first factor consists of two related inquiries: "first, whether 'the failures were those of the plaintiff,' and second, whether the 'failures were of significant duration.'" Kent v. Scamardella, No. 07 Civ. 844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (quoting Spencer, 139 F.3d at 113). Here, the failures rest entirely with the plaintiff. Mr. Sanders has not submitted an amended complaint as twice ordered by the Court (Memorandum Endorsement dated Sept. 16, 2012 at 2; Memorandum Endorsement dated Oct. 10, 2012 at 3), nor has he responded to the defendants' letter application dated November 19, 2012, as ordered by the Court (Order dated December 4, 2012). Over four months have passed since the deadline Mr. Sanders was first given to amend his complaint and he has not met any of the subsequent deadlines set by the Court. While "[t]here is no 'magic number' for determining whether the length of the delay was of significant duration[,]" courts have found shorter delays to be significant. Quattlebuam v. McDonald, No. 1:10-CV-1143, 2012 WL 386724, at *3 (N.D.N.Y. Feb. 6, 2012) (finding delay of five weeks significant and collecting cases where delay of less than four months found significant). Moreover, where, as in this case, the plaintiff's delay has "functioned as a complete block to moving this litigation forward," the first factor weighs in favor of dismissal. Kent, 2007 WL 3085438, at *2.

    B.   Notice

    "A warning to a pro se litigant must be [] specific before it

will constitute a warning for the purpose of this analysis." <u>Lucas</u> <u>v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996).  Here, the plaintiff received two explicit warnings that his failure to comply with the Court's order would result in dismissal.  (Memorandum Endorsement dated Oct. 10, 2012, at 3; Order dated Dec. 4, 2012).  Accordingly, this factor militates in favor of dismissal.

     C.   <u>Prejudice to the Defendants</u>

Prejudice "'turns on the degree to which the delay was lengthy and inexcusable.'" <u>United States v. Gellerstein</u>, No. 08 CV 2702 2011 WL 710446, at *6 (E.D.N.Y. Feb. 22, 2011) (quoting <u>United</u> <u>States ex rel. Drake v. Norden Systems, Inc.</u>, 375 F.3d 248, 256 (2d Cir. 2004)).  "Thus, where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'" <u>Id.</u> (quoting <u>Drake</u>, 375 F.3d at 256).  Here, the defendants claim that the delay has impeded their ability to investigate the allegations in the complaint.  (Letter of Suzanna Publicker dated Nov. 19, 2012 at 2-3).  Indeed, Mr. Sanders has been ordered twice to amend his complaint because the allegations in his complaint are vague, making it difficult to for the defendants to respond meaningfully. "A litigant's repeated failure to provide that more definite statement can itself warrant dismissal." <u>Baptista v. Hartford</u> <u>Board of Education</u>, 427 F. App'x 39, 42 (2d Cir. 2011) (affirming dismissal of <u>pro</u> <u>se</u> complaint for failure to amend complaint). Moreover, the plaintiff has offered no excuse for his failure to comply with the Court's orders, and his failure to respond has prevented the case from moving forward.  Accordingly this factor

counsels in favor of dismissal.

     D.   <u>Court Congestion</u>

     Under this factor, "there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." <u>Lucas</u>, 84 F.3d at 535-36. Therefore, "if a plaintiff's failure to prosecute is 'silent and unobtrusive rather than vexatious and burdensome,' the delay does not burden the court sufficiently to warrant dismissal." <u>Gellerstein</u>, 2011 WL 710446, at *7 (quoting <u>LeSane</u>, 239 F.3d at 210). Since this case has been on this Court's docket for only six months, this factor weighs against dismissal. It should be noted, however, that Mr. Sanders' "noncompliance with the Court's [o]rders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." <u>Martin v. City of New York</u>, No. 09 Civ. 2280, 2010 WL 1948597, at *3 (S.D.N.Y. May 11, 2010) (dismissing complaint for delay of two and one-half months although fourth factor weighed against dismissal); <u>see also</u> <u>Davis v. Rowe</u>, No. 1:10-CV-220, 2011 WL 3159133, at *3 (N.D.N.Y. July 26, 2011) (dismissing complaint for failure to prosecute although fourth factor did not weigh heavily in favor of dismissal).

     E.   <u>Lesser Sanctions</u>

     Since dismissal is a harsh sanction, a court must consider whether less severe sanctions would be effective. <u>Zaeretsky v. Zaretysky</u>, No. 10 CV 3771, 2011 WL 8085263, at *4 (E.D.N.Y. Oct. 13, 2011); <u>Jenkins v. City of New York</u>, 176 F.R.D. 127, 130

(S.D.N.Y. 1997) ("[D]ismissal is appropriate only when lesser sanctions would be ineffective."). Economic sanctions would be improper because Mr. Sanders is proceeding in forma pauperis. Williams v. Pathmark Stores, Inc., No. 02 Civ. 3612, 2005 WL 2105531, at *3 (S.D.N.Y. Sept. 1, 2005). Likewise, because the plaintiff's allegations in the complaint is vague, it would be difficult to determine "which 'designated facts' should be 'taken as established,' or what 'designated matters' Plaintiff should be precluded from introducing in evidence." Chalasani v. United Cerebral Palsy, No. 10 Civ. 1045, 2011 WL 2207567, at *9 (S.D.N.Y. June 1, 2011) (citing Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii)). Moreover, Mr. Sanders has already been warned twice that failure to respond would result in dismissal and it is doubtful that a third warning would be more effective. See, e.g., Brow v. City of New York, 391 F. App'x 935, 937 (2d Cir. 2010) (affirming dismissal of pro se plaintiff's complaint, noting "plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective"); Middleton v. United States, No. 10 CV 6057, 2011 WL 7164452, at *6 (E.D.N.Y. June 28, 2011) (finding further warning would be ineffective because plaintiff was warned multiple times of consequences of failing to move case forward); Valenti v. United States, No. 07 CV 879, 2008 WL 2264535, at *2 (E.D.N.Y. April 21, 2008) (finding plaintiff's disregard of explicit warning suggest any sanction other than dismissal would be ineffective). Accordingly, sanctions less severe than dismissal would not be

8

effective.

"Given Plaintiff's position as a <u>pro</u> <u>se</u> litigant in a prison, this Court must be careful to be especially protective of Plaintiff's right to be heard." <u>Sonachansingh v. Lee</u>, No. 10 Civ. 9410, 2012 WL 4793873, at *2 (S.D.N.Y. Oct. 9, 2012). However "[e]ven in <u>pro</u> <u>se</u> cases, dismissal is appropriate where Plaintiffs' allegations are unintelligible and Plaintiffs have failed to comply with the Court's instructions to clarify then." <u>Stewart v. Crosswalks Television Network</u>, No. 98 Civ. 7316, 2002 WL 265162, at *3 (S.D.N.Y. Feb. 25, 2002). Likewise, "'[a]ll litigants, including <u>pro</u> <u>ses</u>, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal." <u>Agiwal v. Mid Island Mortgage Corp.</u>, 555 F.3d 298, 302 (2d Cir. 2009) (internal citation omitted). Since Mr. Sanders has not complied with any of the Court's orders, has been explicitly warned twice about dismissal, and the delay has completely blocked this case from moving forward, I recommend that the case be dismissed.

<u>Conclusion</u>

For the reasons set forth above, I recommend that the defendants' application be granted and the complaint be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the

chambers of the Honorable George B. Daniels, U.S.D.J., Room 1310 and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.   Failure to file timely objections will preclude appellate review.


Respectfully submitted,


JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE


Dated:    New York, New York
          January 24, 2013

Copies mailed this date:

Oscar Lee Sanders, Jr.
441-10-08682
OBCC
1600 Hazen Street
East Elmhurst, NY 11370

Suzanna Publicker, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, NY 10007