

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSCAR LEE SANDERS, JR.,

                Plaintiff,

-against-

Security Deputy ERIC RAMOS, Security
Captain DECLET, Security Chief PREZ,
Warden, and DORA B. SCHRIRO,

                Defendants.

MEMORANDUM DECISION
AND ORDER

12 Civ. 5302 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

Pro se Plaintiff Oscar Lee Sanders, Jr., brought this action pursuant to 42 U.S.C. § 1983 against several security officers at the Otis Bantum Correctional Center and the Commissioner of the New York City Department of Correction, Dora B. Schriro. Plaintif alleged that he was sprayed with mace, beaten, and denied use of the telephone in violation of his constitutional rights.

This Court referred the case to Magistrate Judge James C. Francis, IV for general pretrial supervision and dispositive motions on July 26, 2012. On September 6, 2012, and again on Octber 10, 2012, Magistrate Judge Francis issued Orders for Plaintiff to provide a more definite statement or to amend his complaint. Plaintiff did not respond. Defendants then moved, by letter, for dismissal of the case for failure to prosecute. By subsequent order, Magistrate Judge Francis warned Plaintiff that he would recommend dismissal of Plaintiffs case unless Plaintiff filed an amended complaint or otherwise took some action to prosecute the case by December 28, 2012. Plaintiff took no action with regard to any of these Orders. On January 24, 2013,

Magistrate Judge Francis issued a Report and Recommendation ("Report") recommending dismissal of this case pursuant to Fed. R. Civ. P. 41(b).

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Francis advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. No party objected to the Report. As there is no clear error on the face of the record, this Court adopts the Report.

Plaintiff's complaint should be dismissed. Rule 41(b) authorizes a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Magistrate Judge Francis properly analyzed each of the five factors that the Second Circuit uses to determine whether Rule 41(b) dismissal is appropriate (see Spencer v.

Doe, 139 F.3d 107, 112-113 (2d Cir. 1998)) and concluded that they weighed toward dismissal. Plaintiff has failed to comply with three court orders over the course of several months and was put on notice that failure to comply could result in dismissal. Plaintiff has shown no sign that he is interested in prosecuting this action since he commenced it over seven months ago.

## Conclusion

Plaintiff's complaint is DISMISSED. Because a Rule 41(b) dismissal "operates as an adjudication on the merits," the dismissal is with prejudice. See Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to close this case.

Dated: February 13, 2013
      New York, New York

SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

3